(128 So. 291)

WENDLING v. PARNIN.

No. 29988.

March 31, 1930.

Rehearing Denied May 5, 1930.

George J. Untereiner, of New Orleans, for appellant.

Daniel Wendling, of New Orleans, for appellee.

BRUNOT, J.

This is a suit for damages, or, in the alternative, for twice the earnest. There was judgment for the plaintiff for twice the earn-

est, with legal interest thereon from September 4, 1925, and costs, and the defendant appealed. Plaintiff has answered the appeal and prays for the 10 per cent. statutory damages for a frivolous appeal. The suit is based upon an alleged active violation of a contract. The contract between the parties is as follows:

"Mr. L. E. Parnin of New Orleans, La., agrees to sell and Emile Wendling binds himself to purchase Lots Nos. 21 and 22, in Square No. 178, fronting on Canal Boulevard, bounded by Lane, Twiggs and Vicksburg Streets, measuring each ———— feet wide by ———— feet in depth, as per title, for the price and sum of Three Thousand, Three hundred and Seventy-five Dollars cash.

"The price stipulated above includes all paving charges, interest, etc., that may be due the City of New Orleans for paving. The vendor assuming all paving charges on said lots.

"Act of sale to be passed before notary public of purchaser's choice.

"All proper and necessary certificates to be paid for by vendor.

"The title to the property above described is registered presently in the Conveyance office for the Parish of Orleans, La., in the name of J. A. Bloom and is to be transferred to the purchaser directly by said J. A. Bloom or through a third person.

"The taxes for the year 1925 to be prorated.

"The purchaser has this day deposited with the vendor ten per cent. of the purchase price to bind this sale.

"New Orleans, La., September 4th, 1925.
     "[Signed]   L. A. Parnin, Owner
               "E. Wendling, Purchaser

"Receipt for said ten per cent deposit to wit the sum of Three Hundred and Thirty-seven and 50/100 ($337.50) Dollars is hereby acknowledged and received this September 4, 1925.
     "[Signed]   L. E. Parnin, Owner."

It will be noted that the agreement recites that the title to the property is in the name of J. A. Bloom, when, in fact, the record title was in the city of New Orleans, the property having been adjudicated to the city on March 17, 1922. This adjudication is recorded in C. O. B. fol. 533. Plaintiff applied to the defendant for an abstract of title to the property. After the lapse of about 30 days, the defendant complied with plaintiff's request. Plaintiff then filed an application with a building and loan association for a loan upon the property. The attorney for the building and loan association held the matter in abeyance for 20 months for the purpose of enabling the defendant to acquire and transfer, or to have some other person acquire and transfer, to plaintiff, a title translative of the property. The defendant failed to perfect the title, and the plaintiff's application for a loan upon the property was rejected. Thereafter this suit was filed.

The defense to the suit is that the defendant's breach of the contract was passive, and a putting of defendant in default was a condition precedent to a recovery, either of damages or double the earnest.

We think that the defendant actively violated the contract. The record shows that from the date of the contract to the date this suit was filed, about 20 months, the defendant could have at any time redeemed the property and transferred the title to the plaintiff. He would not do this because the city held a recorded paving lien against the property for more than $800, and, although defendant had contracted to pay all paving charges assessed against the property, he chose to litigate the right of the city to collect the paving charges rather than to acquire and transfer the title to plaintiff.

Under the facts of this case, we are of the opinion that a formal putting in mora was not necessary. The lower court so held, and

we think the judgment is correct. We do not think the case calls for the imposition of the statutory penalty for a frivolous appeal. Whether or not, under the facts of the case, the defendant might be chargeable with an active or passive violation of the contract, is a question for this court to decide. Therefore, the appeal was not frivolous. For these reasons the judgment appealed from is affirmed, at appellant's cost.